# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 0548 | DATE | September 9, 2002 |
| CASE TITLE | *McCann v. Soo Line Railroad Co. and Canadian Pacific Railway* | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court DENIES Canadian Pacific's motion to dismiss Counts I and II [5-1], pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), or in the alternative, for a more definite statement [5-2], pursuant to Rule 12(e). It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | Document Number |
| ✓ | Notices mailed by judge's staff. | | | SEP 1 1 2002 | |
| | Notified counsel by telephone. | | | date docketed | 10 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| RTS | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice | |
| | | | | mailing deputy initials | |

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MCCANN, )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>SOO LINE RAILROAD COMPANY )<br>and CANADIAN PACIFIC RAILWAY, )<br>)<br>Defendants. ) | Hon. Blanche M. Manning<br><br>02 C 0548 |

## MEMORANDUM AND ORDER

Plaintiff James McCann brings this action against Defendant Canadian Pacific Railroad Company, d/b/a Soo Line Railroad Company (hereinafter, "Canadian Pacific"), alleging that Canadian Pacific negligently breached its duty under the Federal Employer's Liability Act ("FELA") (45 U.S.C. § 51 et seq.) (Count I) and retaliatory discharge, under Federal, Illinois and Wisconsin law (Count II). Presently before the Court is Canadian Pacific's motion to dismiss Counts I and II, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), or in the alternative, for a more definite statement, pursuant to Rule 12(e). For the reasons set forth below, the motion is DENIED.

### BACKGROUND[1]

During the relevant period, McCann was employed by Canadian Pacific as a signalman. Count I alleges that Canadian Pacific negligently breached its duty under FELA to provide a safe working environment. McCann's job required him to walk on ballast, which is the gravel placed between and under the ties of railroad tracks to give the tracks stability, provide drainage, and

---

[1] The facts set forth in the Background section are taken from McCann's Complaint.

distribute loads. McCann alleges that walking on the ballast resulted in an injury to his left foot on August 24, 2001.

McCann's retaliatory discharge claim stems from a previous FELA action, which he filed in this district for an injury suffered while lifting a signal battery on June 30, 1997. A verdict in McCann's favor was rendered in June 2001, and McCann filed a post-trial motion to enforce the judgment. McCann claims that on January 4, 2002, Canadian Pacific terminated his employment in retaliation for litigating the prior FELA action. Canadian Pacific asserts that he was fired for submitting a late and fraudulent personal injury report for his August 24, 2001 injury. Consequently, McCann filed the present action for his current injury and discharge.

The current matter comes before the Court on Canadian Pacific's motion to dismiss Counts I and II, or in the alternative, for a more definite statement. The Court will discuss each of these issues in turn.

## I. Motion to Dismiss Count I

### A. Standard of Review

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must assume the truth of all facts alleged in pleadings, construing allegations liberally and viewing them in the light most favorable to the non-moving party. See, e.g., McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir. 1992); Gillman v. Burlington N.R.R. Co., 878 F.2d 1020, 1022 (7th Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts, which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kunik v. Racine County, Wis., 946 F.2d 1574, 1579 (7th Cir. 1991) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).

The court will accept all well-pled factual allegations in the complaint as true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. Craigs, Inc. v. General Electric Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir. 1992).

**B.  Discussion**

FELA allows railroad employees to bring tort claims against their employers for on-the-job injuries which result from the employers' negligence. 45 U.S.C. § 51; Williams v. Nat'l R.R. Passenger Corp., 161 F.3d 1059, 1061 (7th Cir. 1998).[2] To establish negligence, the employee must prove the common law elements of duty, breach, foreseeability, and causation. Williams, 161 F.3d at 1062. A breach in duty is determined by whether the potential risk would have been foreseeable to a reasonable person. McGinn v. Burlington N. R.R. Co., 102 F.3d 295, 300 (7th Cir. 1996).

Because of its broad remedial purpose, courts liberally construe FELA in favor of employees. Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 543 (1994). As a result of FELA's liberal construction, a lower standard of causation is required than in traditional negligence cases. Id. A FELA plaintiff need only show "that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." Id.

---

[2]  FELA section 51 provides that "[e]very common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51.

3

FELA requires railroad employers to provide their employees with a reasonably safe workplace. Williams, 161 F.3d at 1062. To establish a breach of this duty, the employee must show that the employer failed to act as a reasonable and prudent person would ordinarily act under the circumstances. Tiller v. Atlantic Coast Line R.R. Co., 318 U.S. 54, 67 (1943); LaFreniere v. Indiana Harbor Bell R.R., 2001 WL 881367, at *4 (N.D. Ill. Aug. 6, 2001). The railroad's liability, however, is limited to reasonably foreseeable dangers. Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 117 (1963); LaFreniere, 2001 WL 881367, at *4. Thus, the employee must show that the employer had actual or constructive notice of the dangerous condition and that a reasonable person would have foreseen the condition as creating a potential for harm. Kossman, 211 F.3d at 1035; Williams, 161 F.3d at 1062-63.

Here, Canadian Pacific asserts that Count I fails to state a FELA claim because it "offers insufficient facts supporting any breach of duty under FELA." The Federal Rules of Civil Procedure, however, only require the complaint to give the defendant fair notice of the claim. Conley, 355 U.S. at 47. A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Unlike fact pleading, notice pleading does not require the plaintiff to detail the facts of its case or evidence. Conley, 355 U.S. at 47; Am. Nurses' Ass'n v. State of Illinois, 783 F.2d 716, 727 (7th Cir. 1986).

Applying the notice pleading standard, this Court finds that Count I gives Canadian Pacific fair notice of its FELA claim in Count I. McCann alleges he was injured while at work, because Canadian Pacific negligently breached its duty to provide a safe working environment. McCann's complaint conforms to Rule 8's requirements by alleging the following:

  4. That on and before August 24, 2001, Plaintiff was injured while working for Defendants.
  5. That at said time Plaintiff was working as a signalman locating buried cable.

4

6. On and before August 24, 2001 Plaintiff was ordered to walk on ballast all day, everyday for a long period of time.

7. As a result of walking on ballast Plaintiff seriously injured his left foot.

8. It was the continuing duty of the Defendants, as employer, at the time and place in question, to provide Plaintiff with a reasonably safe place to work; to provide reasonably safe conditions in which to work; and to provide reasonably safe tools and equipment.

9. In violation of its duty, the Defendants negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

   (a) failed to adopt, install, implement and enforce a safe method and procedure for locating buried cable;
   (b) violated applicable O.S.H.A. regulations;
   (c) failed to provide sufficient manpower for the task;
   (d) failed to provide proper tools;
   (e) assigned Plaintiff work which Defendant knew or should have known was likely to cause injury;
   (f) failed to promulgate rules or regulations governing a safe length of time for employees to walk on ballast;
   (g) failed to warn Plaintiff of the dangers of extended walking on ballast;
   (h) failed to keep track of recorded injuries due to walking on ballast;
   (i) violated certain other regulations, standards and requirements in force or prescribed by the Secretary of Transportation through the F.R.A.; and
   (j) was otherwise careless and negligent in failing to provide Plaintiff with a safe place to work.

Because Count I provides the date and circumstances of McCann's injury, allegations that the injury was reasonably foreseeable, Canadian Pacific's duty, lists negligent acts contributing to Canadian Pacific's breach of this duty and to McCann's injury, this Court finds that the complaint sufficiently pleads a FELA claim. The motion to dismiss Count I is thus DENIED.

5

## II. Motion for a More Definite Statement

Canadian Pacific has alternatively moved for a more definite statement of Count I under Rule 12(e), which states that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading . . ." Courts generally disfavor Rule 12(e) motions. U.S. for the Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc., 664 F. Supp. 298, 303 (N.D. Ill. 1987). A 12(e) motion should be granted only when the complaint is so unintelligible that "the opposing party cannot respond ... in good faith or without prejudice to himself." Dimensions Medical Center, LTD v. Principal Financial Group, LTD, No. 93 C 6264, 1995 WL 51586, at *3 (N.D. Ill. Feb. 6, 1995) (citing 5A Charles A. Wright & Arthur Miller, Federal Practice and Procedures § 1376 p. 577 (1990)).

Here, Canadian Pacific asserts that paragraph 9(b)(i) of Count I is so vague or ambiguous that it cannot reasonably answer the allegations. Paragraph 9 (b)(i) states that Canadian Pacific "(b) violated applicable O.S.H.A. regulations; (i) violated certain other regulations, standards and requirements . . . prescribed by the Secretary of Transportation through the F.R.A.. . . ." Reviewing this paragraph and the rest of Count I, the Court finds that it is not so vague and ambiguous such that it would preclude Canadian Pacific from answering. Although, this paragraph does not list the specific regulations violated, this does not prevent Canadian Pacific from drafting a response. Therefore, the motion for a more definite statement is DENIED.

6

### III. Motion to Dismiss Count II

Canadian Pacific seeks to dismiss Count II for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), on the grounds that McCann's retaliatory discharge claim is preempted by the Railway Labor Act ("RLA").

#### A. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(1), the Court must accept all well-pled factual allegations as true and draw reasonable inferences in favor of the non-moving party. Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995) (citing Rueth v. United States Environmental Protection Agency, 13 F.3d 227, 229 (7th Cir. 1993). The court may look beyond the complaint to any document submitted with the motion or in response to the motion. Ezekiel, 66 F.3d at 897 (quoting Capitol Leasing Co. v. Federal Deposit Insurance Corp., 999 F.2d 188, 191 (7th Cir. 1993).

#### B. Discussion

Congress enacted the RLA (45 U.S.C. § 151 et seq.) "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994). The RLA governs relations between rail carriers and their union employees, Westbrook v. Sky Chefs, Inc., 35 F.3d 316, 317 (7th Cir. 1994), by establishing a "mandatory arbitral mechanism for the prompt and orderly settlement of two classes of disputes." Hawaiian Airlines, 512 U.S. at 252. The first class, termed "major disputes," involves "the formation of collective bargaining agreements or efforts to secure them." Id. The second class, labeled "minor disputes," includes "controversies over the meaning of an existing collective bargaining agreement in a particular factual situation." Id.

7

Under the RLA's mandatory arbitration procedure, minor disputes "must be resolved through the RLA mechanisms," and therefore, the RLA preempts these type of claims. Id. at 253. The RLA, however, does not preempt causes of action which involves rights and obligations that exist independent of the collective bargaining agreement. Id. at 256.

Resolution of whether the RLA preempts McCann's retaliatory discharge claim thus hinges on whether the claim involves rights and obligations that exist independent of the collective bargaining agreement. Canadian Pacific contends that resolution of the claim will require this Court to look to the collective bargaining agreement. In support of this contention, Canadian Pacific cites to Jackson v. Consolidated Rail Corp., 717 F.2d 1045, 1054 (7th Cir. 1983).

Although the Seventh Circuit in Jackson, 717 F. 2d at 1054, held that the RLA preempted a railroad worker's retaliatory discharge claim, it does not appear that Jackson, which was decided before Hawaiian Airlines, 512 U.S. 246 and Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988), is still good law. See Sabich v. Nat'l R.R. Passenger Corp., 763 F. Supp. 989, 993 (N.D. Ill. 1991) (in holding that the RLA did not preempt a railroad employee's retaliatory discharge claim, the court refused to apply Jackson because it was decided before Lingle); Merchant v. American S.S. Co., 860 F.2d 204, 208 (6th Cir. 1988) (noting that "[t]he reasoning in Jackson was repudiated by the Supreme Court in Lingle"). Accordingly, this Court will examine Hawaiian Airlines and Lingle to see if Jackson preempts McCann's retaliatory discharge claim.

The plaintiff in Lingle, 486 U.S. at 401, filed an action against his employer alleging a claim under Illinois law for retaliatory discharge. The Supreme Court held that "an application of state law is preempted by § 301 of the Labor Management Relations Act of 1947 only if such

8

application requires the interpretation of a collective bargaining agreement."[3] Id. at 410-11. The policy goal in requiring preemption of state law claims is to provide consistent contract interpretation under federal law and reduce the chance "that individual contract terms might have different meanings under state and federal law." Id. Those policy considerations, however, do not prevent the various states from providing workers with other substantive, state-created, legal rights independent of the collective bargaining relationship. Id. Thus, the Lingle Court held that "so long as the state law claim can be resolved without interpretation of the agreement itself, the claim is "independent" of the agreement for purposes of section 301." Id.

In Hawaiian Airlines, 512 U.S. at 248-50, the plaintiff brought an action alleging in part wrongful discharge under Hawaiian law. The employer then moved to dismiss on the grounds that the claim was preempted under the RLA. Id. Holding that the RLA did not preempt the retaliation claim, the court held that the claim stemmed from state law, not the collective bargaining agreement, and therefore, because the claim is "independent" from the collective bargaining agreement it was not preempted. Id. at 256-57.

Applying the reasoning set forth in Hawaiian Airlines and Lingle, a number of courts have held that claims for retaliatory discharge under Illinois law are separate and independent from any collective bargaining agreement, and therefore, not preempted by the RLA. See Westbrook v. Sky Chefs, Inc., 35 F.3d 316, 317 (7th Cir. 1994); Sabich v. Nat'l R.R. Passenger Corp., 763 F. Supp. 989, 993 (N.D. Ill. 1991); Alfieri v. CSX Corp., 559 N.E.2d 166, 564-569 (Ill. App. Ct. 1990).

Here, Count II alleges retaliatory discharge under federal, Illinois, and Wisconsin law. Although the parties have not specifically discussed the issue, it appears that federal, Illinois, and

---

[3] The Court notes that section 301 of the Labor Management Relations Act is very similar to section 153 of the RLA.

9

Wisconsin, provide, albeit limited, McCann with the right to bring a retaliatory discharge action independent of a collective bargaining agreement. See Kelley v. Norfolk & Southern RY Co., 80 F. Supp. 587, 589-92 (S.D. W.Va. 1999) (holding that plaintiff's retaliation claim under FELA was not preempted by the RLA); Sabich., 763 F. Supp. at 994 (noting that Illinois law provided a railroad employee a right of action of retaliatory discharge);Strozinsky v. Sch. Dist. of Brown Deer, 614 N.W.2d 443 (Wi. 2000). Consequently, because McCann's retaliatory discharge claim is founded upon independent state and federal law grounds, and not a collective bargaining agreement, this Court finds that it is not preempted under the RLA.

In response to the above conclusion, Canadian Pacific contends the retaliation claim should nevertheless be preempted because this Court will have to look to the collective bargaining agreement to determine whether Canadian Pacific intended to discharge McCann for filing his FELA action or for allegedly filing a late and fraudulent injury report. According to Canadian Pacific, McCann is attempting to artfully plead around the RLA in violation of Monroe v. Missouri Pacific Railroad Comp., 115 F.3d 514 (7th Cir. 1997).

Contrary to Canadian Pacific's assertion, however, McCann is not attempting to plead around the RLA. Even if resolution of McCann's claim will involve consulting the collective bargaining agreement, this does not require a dismissal of the retaliation claim. Haberichter, 65 F.3d at 1421. The fact that a collective bargaining agreement might be consulted in the course of an action for a state law claim does not require that the court dismiss the action as being preempted under the RLA. See Hawaiian Airlines, 512 U.S. at 261; Loewen Group Int'l, Inc. v. Haberichter, 65 F.3d 1417, 1423 (7th Cir. 1995).

Consequently, because McCann's claim is derived from a source independent of the collective bargaining agreement and resolution of this claim does not involve interpreting the

10

meaning of any term within the collective bargaining agreement, this Court finds that McCann's retaliatory discharge claim is not preempted by the RLA. The Court thus DENIES Canadian Pacific's motion to dismiss Count II for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, this Court DENIES Canadian Pacific's motion to dismiss Counts I and II [5-1], pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), or in the alternative, for a more definite statement [5-2], pursuant to Rule 12(e).

ENTER:

_Blanche M. Manning_
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: 9-9-02